IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUL 27 2009

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

JEREMY DALE REESE                                                                                    PLAINTIFF

v.                                              Civil No. 09-5153

BRYNNA BARNICU, Public Defender;
STARK LIGON, Executive Director Supreme
Court of Arkansas Office of Professional Conduct;
CAPT. HOLLY;
VAN STONE, Prosecutor;
NATHAN SMITH, Prosecuting Attorney;
STEPHANIE MCLEMORE, Prosecuting Attorney;
KEITH FERGUSON, Sheriff;
LT. CARTER; and
ROBINE GREEN, Judge                                                                DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Jeremy Dale Reese, currently an inmate of the Benton County Detention Center, submitted

for filing in this district a pro se civil rights action under 42 U.S.C. 1983. The Complaint has been

provisionally filed prior to a determination regarding Plaintiff's status as a pauper and service of

process.

### DISCUSSION

Plaintiff names as Defendants Bryanna Barnicu[1], public defender and Plaintiff's attorney

in a state court matter; Stark Ligon, Executive Director of the Arkansas Supreme Court Committee

on Professional Conduct; Capt. Holly, of the Bentonville Detention Center; Van Stone, Nathan

Smith, and Stephanie Mclemore, all of the Benton County Prosecutor's Office; Keith Ferguson,

Benton County Sheriff; Lt. Carter, of the Bentonville Detention Center; and Robine Green, a

---

[1] Plaintiff also refers to this Defendant as "Barnica," however the Court will use the
defendant's name as it first appears in Plaintiff's Complaint.

Benton County Circuit Court Judge.  The following claims are alleged against these defendants in Plaintiff's Complaint.  Plaintiff states his name was forged on a plea agreement by his attorney, Brynna Barnica.  Plaintiff alleges he wrote an ethical grievance to Stark Ligon regarding the forgery.  Mr. Ligon told Plaintiff he would look into the matter, but Mr. Ligon never retrieved Plaintiff's file from the Courthouse.  Further, Captain Holly looked at the plea agreements and agreed one of the plea offers had been copied.  Captain Holly explained the situation to Prosecutor Van Stone who did nothing.  Sheriff Ferguson knew about the forgery, but also did nothing.  Lt. Carter "blew off" the Plaintiff and also did nothing although he was aware of the situation.

In addition to the forgery, Plaintiff also asserts he was wrongfully charged with his state court crime because the victim of the vehicle accident (for which Plaintiff apparently was criminally charged and was the basis of the alleged forged plea agreement) signed a wavier to refuse medical treatment at the scene of the accident.  Plaintiff indicates this waiver means the victim can only file a civil suit and his criminal prosecution was inappropriate.  Stephanie Mclemore was the prosecutor first assigned to Plaintiff's case, and "know[s] [the Plaintiff] was wrongful[ly] charged."  Nathan Smith was a prosecutor working on Plaintiff's case and "should have seen [the Plaintiff] was being wrongf[ully] charged."  Robine Green was the Circuit Judge who oversaw Plaintiff's state Curt case.  Plaintiff tried to show her the forgery and "she would not even look into the matter."  Plaintiff also states Green should have known he was wrongfully charged.

It is my recommendation that Plaintiff's *in forma pauperis* application (Doc. ___), be denied as it is frivolous.

First, many of Plaintiff's named Defendants are immune from suit.  Robine Green, as a circuit judge, is immune from suit.  *Mireles v. Waco*, 502 U.s. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.")  *See also, Duty v. City of*

-2-

*Springdale*, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 immunity." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in ex cess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.*, 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104  (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c)), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA, § 1983 now precludes injunctive relief against  a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a  declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff does not allege that either of these prerequisites for injunctive relief are met. Thus, to the extent Plaintiff seeks injunctive relief his claims are subject to dismissal. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa.

2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable).

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *See Pulliam*, 466 U.S. at 542 & n. 22. *See also Sterling v. Calvin* , 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *See Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law). *See also J&M Mobile Homes, Inc. v. Hampton*, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate). Here Plaintiff had an adequate remedy at law through post-conviction appeals, and is not entitled to equitable relief.

Prosecuting attorneys Stone, Smith and Mclemore are likewise immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified

-4-

immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorneys are entitled to absolute immunity in this case. *See Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Plaintiffs' complaint seeks injunctive relief against the prosecuting attorneys, this is not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Plaintiff can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *See id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Second, Stark Ligon is entitled to qualified immunity as he is a state official. The Eighth Circuit has held that "[q]ualified immunity applies only to damages, not to equitable relief...." *Stanley v. Magrath,* 719 F.2d 279, 284 n. 9 (8th Cir. 1983) (dictum); *see also Tubbesing v. Arnold,* 742 F.2d 401, 403-04 (8th Cir. 1984) (qualified immunity would entitle defendants to summary judgment as to public employee's damages claims, but not as to her claim for reinstatement); *Sexton v. Arkansas Supreme Court Committee on Professional Conduct,* 725 F.Supp. 1051, 1055 (W.D. Ark.1989)(holding the Arkansas Supreme Court Committee was entitled to qualified immunity.) In this case, Plaintiff is only seeking damages, not any equitable relief. Thus, Defendant Ligon is immune from Plaintiff's claims. Additionally, Plaintiff alleges no federally protected constitutional right of which Defendant Ligon denied him.

Third, Plaintiff's claims against Brynna Barnicu are subject to dismissal. To state a claim under Section 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. An attorney does not act under color of state law while representing

-5-

a client. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)(public defender does not act under color of state law when performing traditional functions as counsel); *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999)("[C]onduct of counsel generally does not constitute action under color of law."); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980)("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a Section 1983 claim.)

Fourth and finally, Plaintiff states no cognizable Section 1983 claim against Defendants Ferguson, Holly, and Carter. Plaintiff asserts no federally protected constitutional right which these Defendants denied him. Specifically, Plaintiff has charged Ferguson and Carter with a failure to act upon information of his alleged forged plea agreement. Plaintiff has stated no constitutional duty, and the Court can find none, for these defendants to investigate and/or pursue Plaintiff's allegations. Moreover, Plaintiff has alleged no action or omission by Defendant Holly – rather, Plaintiff has merely stated Holly agreed one of the plea forms had a signature that appeared to be copied.

Section 1983 is a remedial statute. It " 'is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver, supra,* 510 U.S. 266 (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979)). Accordingly, plaintiff must show: (1) that defendants' actions were taken under color of state authority, *Monroe v. Pape,* 365 U.S. 167, 172-87 (1961); (2) that defendants' actions impacted upon a constitutionally-protected right, *Paul v. Davis,* 424 U.S. 693, 710-12 (1976); *Board of Regents v. Roth,* 408 U.S. 564, 570-78 (1972); (3) that defendants owed plaintiff a duty of care to protect this constitutional right, *Collins v. City of Harker Heights, supra,* 503 U.S. at 120-21; and (4) that defendants

-6-

AO72A
(Rev. 8/82)

breached such a duty of care, thereby resulting in a "deprivation" of that right within the meaning of Section 1983. *Daniels v. Williams,* 474 U.S. 327, 329-33 (1986).

## CONCLUSION

For the forgoing reasons, it is the recommendation of the undersigned that Plaintiff's *in forma pauperis* application be denied as he is not eligible to proceed IFP. However, having filed this action, Plaintiff remains liable for the filing fee. *See e.g., In re Tyler,* 110 F.3d 528, 529-30 (8th Cir. 1997) (Even if petition is dismissed, the full filing fee is still assessed because the Prison Litigation Reform Act makes prisoner responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.) For this reason, the clerk should be directed to collect the $350.00 filing fee from the plaintiff.

Further, I recommend that is case be dismissed on the grounds that the claims are frivolous, fail to state claims on which relief can be granted, and seek relief against defendants who are immune from suit or who are not acting under color of law. *See* 28 U.S.C. § 1919(e)(2)(B)(i)-(iii) (IFP action may be dismissed on such grounds at any time.)

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23 day of July, 2009.

HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

-7-

AO72A
(Rev. 8/82)